UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAFAEL CEARA,

                              Plaintiff,                        Case # 15-CV-6266-FPG

      v.                                                    DECISION AND ORDER

C.O. DOWLEY, et al.,

                              Defendants.
_____

      Before the Court are several motions from *pro se* Plaintiff Rafael Ceara. On October 23, 2017, Plaintiff filed a Motion to Compel (ECF No. 8), wherein he asks the Court to compel Defendants "to produce or reproduce all documents, files, motions, papers already on record." Plaintiff's Motion to Compel is DENIED.

      On December 6, 2017, Defendants Bonapart and King moved to revoke Plaintiff's *in forma pauperis* ("IFP") status. ECF No. 14. On January 9, 2018, after being served, Defendants Backer and DeMichele moved to join that motion (ECF No. 23), because their "rationale to revoke Plaintiff's [IFP] status is the same as previously stated in Defendants' motion." Allowing these Defendants to join the motion will not prejudice Plaintiff, and therefore Defendants' Motion to Join is GRANTED.

      On February 20, 2018, Plaintiff requested an extension of time to respond to Defendants' Motion to Revoke his IFP Status because prison officials discarded his legal papers and documents during allegedly retaliatory cell searches. ECF No. 24 at 1-3. Plaintiff's Motion for an Extension of Time is GRANTED, and Plaintiff has until May 18, 2018 to respond to Defendants' Motion to Revoke IFP Status. To remedy Plaintiff's complaint that he does not have the relevant legal papers and documents, the Court directs the Clerk of Court to mail Plaintiff a copy of the Docket Sheet,

Complaint, Defendants' Motion to Revoke IFP Status, and Defendants Backer and DeMichele's Motion to Join.

Plaintiff also moved to appoint counsel. ECF No. 24 at 6-7.[1] As the Court previously explained, there is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The Court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special reason why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has filed several documents with the Court in which he is articulate and able to present his claims and arguments adequately. Additionally, even though Plaintiff alleges that officers have subjected him to retaliatory cell searches and other offenses, the Court finds that there are no special reasons that would favor the appointment of counsel at this time. Accordingly,

---

[1] Plaintiff also moved to appoint counsel on December 18, 2017, which the Court denied without prejudice. ECF Nos. 17, 18.

Plaintiff's Motion to Appoint Counsel is DENIED WITHOUT PREJUDICE. It is Plaintiff's responsibility to retain counsel or continue with this action *pro se*.

## CONCLUSION

Plaintiff's Motion to Compel (ECF No. 8) is DENIED, Defendants Backer and DeMichele's Motion to Join (ECF No. 23) is GRANTED, and Plaintiff's Motion for an Extension of Time and to Appoint Counsel (ECF No. 24) is GRANTED IN PART and DENIED IN PART. Plaintiff has until May 18, 2018 to respond to Defendants' Motion to Revoke IFP Status. The Court directs the Clerk of Court to mail Plaintiff a copy of the Docket Sheet, Complaint, Defendants' Motion to Revoke IFP Status, and Defendants Backer and DeMichele's Motion to Join.

IT IS SO ORDERED.

Dated: April 10, 2018
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court