UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

RAFAEL CEARA,

                                Plaintiff,                      Case # 15-CV-6266-FPG

v.                                                      DECISION AND ORDER

C.O. DOWLEY, et al.,

                                Defendants.

───────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Rafael Ceara commenced this action under 42 U.S.C. § 1983 on May 4, 2015[1] while he was incarcerated at Sing Sing Correctional Facility. ECF No. 1. Plaintiff sues Defendants C.O. Dowley, C.O. Bonapart, C.O. John Smith, Sgt. Backer, Nurse DeMichele, and Ms. King, alleging they used excessive force, failed to intervene, and denied him adequate medical care on April 23, 2012 at Elmira Correctional Facility. *Id.* at 8-11. Plaintiff sought and was granted permission to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)-(b) on October 2, 2017. ECF No. 7.

Defendants now move to revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g) and to conditionally dismiss Plaintiff's Complaint pending payment of the filing fee. ECF No. 14. For the reasons that follow, Defendants' motion is GRANTED. Plaintiff has 30 days from the date of this Order to pay the $400.00 filing and administrative fees. If the filing fees are not timely paid, the Clerk of Court will dismiss the Complaint without prejudice and close this case without further order.

---

[1] Plaintiff executed his Complaint on April 14, 2015. ECF No. 1 at 17.

**DISCUSSION**

**I.     IFP Status**

Typically, when a plaintiff commences a civil action in district court he must pay a $350.00 statutory filing fee and $50.00 administrative fee.[2]  28 U.S.C. §§ 1915(a).  Although the court is authorized to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee, Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The purpose in enacting this so-called "three strikes" provision was to deter prisoners from filing multiple, frivolous civil rights suits.  *Tafari v. Hues,* 473 F.3d 440, 443-44 (2d Cir. 2007) (citing *Nicholas v. Tucker,* 114 F.3d 17, 19 (2d Cir. 1997)).  Accordingly, a prisoner who has accumulated three strikes must apply the same cost-benefit analysis before filing suit as other civil litigants do—that is, the prisoner must assess whether the result he seeks justifies paying the entire filing fee in advance, rather than in small increments from his inmate account.  *Tafari,* 473 F.3d at 443.

The Second Circuit has defined a frivolous claim as one that "lacks an arguable basis either in law or in fact."  *Id.* at 442 (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)).  To determine whether a dismissal satisfies the failure-to-state-a-claim prong of Section 1915, courts have looked to Federal Rule of Civil Procedure 12(b)(6) for guidance.  *Id.*  Whether the dismissal of a prior

---

[2] Effective May 1, 2013, the Judicial Conference of the United States added a $50.00 administrative fee to the cost of filing a civil lawsuit in district court.  *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, *available at* http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us.  This fee, however, does not apply to prisoners granted *in forma pauperis* status.  *See generally id.*

2

action constitutes a strike is a matter of statutory interpretation and thus is an issue for the court to resolve. *Id.*

Defendants argue that, before Plaintiff filed this action, he had two lawsuits and one appeal dismissed in the Southern District of New York and the Second Circuit, respectively, and that each dismissal constitutes a strike under the Prison Litigation Reform Act. ECF No. 14. Defendants therefore seek to revoke Plaintiff's IFP status and conditionally dismiss his Complaint. Plaintiff argues that his previous lawsuits did not relate to his conditions of confinement or imprisonment, and that one was dismissed for reasons not enumerated by Section 1915(g) and another was dismissed without prejudice. Thus, he contends that none of the dismissals should count as strikes. ECF No. 28 at 3-5.

## II.   Plaintiff's "Strikes"

The Court finds that the three dismissals Defendants cite constitute "strikes" under Section 1915(g). On April 19, 2013, Plaintiff filed a complaint in the Southern District of New York. *See Ceara v. Clark-DiRusso*, No. 13-cv-2626. The sole defendant was Westchester County Assistant District Attorney Mary Clark-DiRusso, who prosecuted Plaintiff in Westchester County Supreme Court for committing a criminal sexual act and endangering the welfare of a child.[3] ECF No. 14-1, Ex. C. In his complaint, Plaintiff "allege[d] that Clark-DiRusso violated [Plaintiff's] right to equal protection and due process by going out of her jurisdiction and using her position to influence a tribunal." *Id.* at 31 (internal quotation marks omitted). He further argued that Clark-DiRusso "lied to the family court about [Plaintiff's] criminal charges and subjected him to double jeopardy by prosecuting him in both criminal and family court." *Id.* (internal quotation marks omitted); *see*

---

[3] Plaintiff was convicted in 2010 and the court issued an order of protection barring him from having any contact with his daughter until 2053. ECF No. 14-1, Ex. C. After his conviction, Clark-DiRusso allegedly appeared and testified at a hearing on Plaintiff's petition for custody of his daughter in the Westchester County Family Court. *Id.* The family court ultimately found that the order of protection was not modifiable and dismissed the petition. *Id.*

3

*also* ECF No. 28 at 12-14.⁴ Plaintiff sought injunctive relief and monetary damages. *Id*. at 32. On May 20, 2013, Plaintiff's complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). *Id*. at 34.

Defendants assert that a dismissal pursuant to Section 1915(e)(2)(B) constitutes a strike. Plaintiff argues that a dismissal under Section 1915(e)(2)(B)(iii) does not constitute a strike under Section 1915(g). "The criteria for accumulating strikes under § 1915(g) track two of the three grounds upon which 'the court shall dismiss [a] case' if they exist, but do not include the third ground of 'seek[ing] monetary relief against a defendant who is immune from such relief.'" *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (quoting 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)). Indeed, "a dismissal based on immunity will not be frivolous unless the district court making the § 1915(g) determination deems the former case to fall within the 'distinguishable heartland of immune prosecutorial conduct.'" *Flagler v. Trainor*, 663 F.3d 543, 551 (2d Cir. 2011) (Calabresi, J., concurring) (quoting *Collazo v. Pagano*, 656 F.3d 131, 134 n.2 (2d Cir. 2011)).

In dismissing *Ceara v. Clark-DiRusso*, the district court interpreted Plaintiff's allegations to be essentially "challenging state supreme court and family determinations." ECF No. 14-1 at 32. With respect to Plaintiff's allegations that Clark-DiRusso offered perjured testimony, the court found that she was entitled to absolute immunity. *Id*. at 33 (citing *Briscoe v. LaHue*, 460 U.S. 325, 328 (1983); *Rolon v. Henneman*, 517 F.3d 140, 145-46 (2d Cir. 2008)). Based on these facts, the Court finds that Clark-Dirusso's post-trial status as a testifying witness in the family court proceedings falls within the "distinguishable heartland of immune prosecutorial conduct." *Flagler*, 663 F.3d at 551; *see also Collins v. City of New York*, 923 F. Supp. 2d 462, 473 (E.D.N.Y. 2013) (finding prosecutor absolutely immune from § 1983 liability for testimony, even if alleged

---

⁴ Plaintiff's response suggests that Clark-DiRusso "[wrote] the order of protection." ECF No. 28 at 14.

to have been perjurious, in collateral proceedings). Therefore, the Court holds that the dismissal pursuant to Section 1915(e)(2)(B)(iii) constitutes Plaintiff's first strike.

Additionally, the district court certified pursuant to 28 U.S.C. § 1915(a)(3) in its order dismissing *Ceara v. Clark-DiRusso* that any appeal from the decision would not be taken in good faith. ECF No. 14-1, Ex. D. Plaintiff nevertheless appealed to the Second Circuit. The Second Circuit denied his request to proceed IFP and dismissed his appeal "because it lack[ed] an arguable basis in law or fact." ECF No. 14-1, Ex. E. The dismissal of Plaintiff's appeal qualifies as his second strike under Section 1915(g). *Chavis v. Chappius,* 618 F.3d 162, 165 (2d Cir. 2010) (counting the dismissal of a complaint and dismissal of the subsequent appeal, both on § 1915(g) grounds, as "separate strikes under § 1915(g)").

Finally, on May 1, 2013, Plaintiff filed a second complaint in the Southern District of New York. *See Ceara v. Clark-DiRusso*, No. 13-cv-3041. On May 16, 2013, the district court dismissed Plaintiff's suit without prejudice pursuant to 28 U.S.C.§ 1915(e)(2)(B) as duplicative to the claims raised in *Ceara v. Clark-DiRusso*, No. 13-cv-2626. ECF No. 14-1, Ex. G. Plaintiff argues that this dismissal is not a strike because it was "without prejudice." ECF No. 28 at 3-4. However, a dismissal finding that claims are duplicative of those alleged in another suit is considered frivolous under Section 1915(g), and therefore constitutes Plaintiff's third strike. *McDaniels v. Fed. Bureau of Prisons*, No. 15-CV-6163 (KMK), 2016 WL 6997525, at *4 (S.D.N.Y. Nov. 29, 2016) (citing *Abreu v. Travers*, No. 15-CV-540, 2015 WL 10741194, at *4 (N.D.N.Y. Sept. 14, 2015)).

Accordingly, pursuant to the mandate of 28 U.S.C. § 1915(g), Plaintiff's IFP status must be revoked unless he is under imminent danger of serious physical injury, however, Plaintiff has made no such allegations here.

**CONCLUSION**

For the all the reasons stated, Defendants' Motion to Revoke Plaintiff's IFP Status (ECF No. 14) is GRANTED. Plaintiff has 30 days from the date of this Order to pay the $400.00 filing and administrative fees. If the fees are not timely paid, the Complaint will be dismissed without prejudice and the Clerk of Court will terminate this action without further order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and that leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: August 1, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court