UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

RAFAEL CEARA,

                                      Plaintiff,          Case # 15-CV-6266-FPG

v.                                                       DECISION AND ORDER

C.O. DOWLEY, et al.,

                                     Defendants.
───────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Rafael Ceara filed this action against Defendants under 42 U.S.C. § 1983. ECF No. 1. On October 2, 2017, the Court granted Plaintiff *in forma pauperis* ("IFP") status under 28 U.S.C. § 1915(a)-(b). ECF No. 7.

After service of the Complaint, Defendants moved to revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g), arguing that three of Plaintiff's actions or appeals had been dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted, and therefore he was not entitled to proceed IFP. ECF No. 14. The Court revoked Plaintiff's IFP status and directed him to pay the filing fee and Plaintiff appealed. ECF Nos. 30, 35.

Defendants now move for an indicative ruling that the Court would grant their motion to reinstate Plaintiff's IFP status pursuant to Federal Rule of Appellate Procedure 12.1. ECF No. 39. Plaintiff has asked the Second Circuit hold his appeal in abeyance pending the outcome of this motion. ECF No. 39-1 at 4 n.1. For the reasons that follow, the Court grants Defendants' motion and provides an indicative ruling.

## BACKGROUND

When a plaintiff commences a civil action in district court he must typically pay a $350.00 statutory filing fee and $50.00 administrative fee. 28 U.S.C. §§ 1915(a). A court can permit a

1

litigant to proceed IFP if it determines that he is unable to pay the required filing fee, but § 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The purpose of this so-called "three strikes" provision it to deter prisoners from filing multiple, frivolous civil rights suits. *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007) (citation omitted).

In revoking Plaintiff's IFP status, the Court found that the dismissal of *Ceara v. Clark-DiRusso*, Case # No. 13-CV-3041 ("*Clark-DiRusso II*"), filed in the Southern District of New York, constituted Plaintiff's third strike under § 1915(g). ECF No. 30 at 5. The court dismissed *Clark-DiRusso II* as duplicative of another action Plaintiff filed against the same defendant that was then pending before the same court, *Ceara v. Clark-DiRusso*, Case # No. 13-CV-2626 ("*Clark-DiRusso I*"). ECF No. 14-1 at 3, 45. The *Clark-DiRusso II* dismissal order cited 28 U.S.C. § 1915(e)(2)(B). *Id*. at 45.

On appeal, Plaintiff's assigned counsel discovered an undocketed letter from Plaintiff stating that the complaint filed as *Clark-DiRusso II* had actually been submitted as an amended complaint in *Clark-DiRusso I*. ECF No. 39-1 at 3. Appellate counsel then made a motion in the Southern District seeking vacatur of the judgment in *Clark-DiRusso II*. *Id*.

The Southern District declined to vacate the judgment; instead, it corrected its dismissal order to "remove reference to 28 U.S.C. § 1915(e)(2)(B)." *Id*. at 15. The court concluded that the dismissal order "mistakenly cited to 28 U.S.C. § 1915(e)(2)(B), which was contrary to the Court's intent at the time and created ambiguity as to whether the action was dismissed because the

2

complaint was frivolous, malicious, or failed to state a claim." *Id*. at 14. The court stated that, "[h]ad the Court intended to dismiss the case as frivolous or malicious, it would have clearly so stated." *Id*. at 13. As such, Defendants concede that *Clark-DiRusso II* it not a strike and, as a result, Plaintiff's IFP status should be reinstated. *Id*. at 4.

## DISCUSSION

As a general rule, when a party files a notice of appeal it divests the district court of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). A district court faced with a motion that it "lacks authority to grant because of an appeal that has been docketed and is pending" may "state[] either that it would grant the motion or that the motion raises a substantial issue." Fed. R. App. P. 12.1(a). The party seeking relief must then "promptly notify" the Court of Appeals' clerk of the district court's ruling, and the Court of Appeals then has the option of "remand[ing] for further proceedings but retain[ing] jurisdiction," dismissing the appeal, or continuing to hear the appeal. Fed R. App. P. 12.1(b). This Rule corresponds to Federal Rule of Civil Procedure 62.1, which allows a district court to inform the parties and the Court of Appeals how it would rule on the merits of certain motions after an appeal has been filed and it has been divested of jurisdiction. Fed. R. Civ. P. 62.1(a).

Because Defendants acknowledge that the dismissal of *Clark-DiRusso II* is not a strike under § 1915(g), the Court would grant a motion to reinstate Plaintiff's IFP status if the Second Circuit remanded this case for that purpose. Indeed, the Court finds that an indicative ruling may speed up the resolution of this action and the appeal. *See Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of N.Y. Mellon*, 297 F.R.D. 218, 220 (S.D.N.Y. 2013) ("Indicative

3

rulings allow for the timely resolution of motions which may further the appeal or obviate its necessity."). Accordingly, Defendant's motion for an indicative ruling is GRANTED.

## CONCLUSION

Defendants' motion for an indicative ruling (ECF No. 39) is GRANTED, and the Court indicates that it would grant a motion to reinstate Plaintiff's IFP status once the matter is no longer before the United States Court of Appeals for the Second Circuit. Defendants must notify the Circuit Clerk of this Order pursuant to Federal Rule of Civil Procedure 62.1(b) and Federal Rule of Appellate Procedure 12.1(a).

Defendants must move to reinstate Plaintiff's IFP status within 30 days after the Second Circuit remands this case.

IT IS SO ORDERED.

Dated: September 26, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court