UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAFAEL CEARA,

                                    Plaintiff,

      v.

C.O. DOWDLE,

                                    Defendant.
_____

DECISION & ORDER

15-CV-6266MWP

## PRELIMINARY STATEMENT

        More than nine years ago, on May 4, 2015, plaintiff Rafael Ceara filed this *pro se* action against defendant C.O. Dowdle asserting claims pursuant to 28 U.S.C. §§ 1983 arising out of events that occurred during his incarceration at the Elmira Correctional Facility.[1] (Docket ## 1, 7). On November 1, 2022, the parties filed a consent pursuant to 28 U.S.C. § 636(c) to have a United States magistrate judge conduct all further proceedings in this case, including the entry of final judgment. (Docket # 79). On June 27, 2024, this Court issued the pending Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York. (Docket # 124).[2] Ceara did not respond to the Order to Show Cause.

        As recounted in the Order to Show Cause, Ceara failed to prosecute this action for a period of time after his release from incarceration and prior to appointment of counsel,

---

[1] On November 2, 2022, Ceara voluntarily dismissed his claims against several of the individual defendants. (Docket # 80).

[2] This decision assumes familiarity with the Order to Show Cause, the various issues it addresses, and the procedural history of this litigation.

resulting in the issuance of the first Order to Show Cause.  (Docket ## 61, 124).  Thereafter, counsel was appointed to assist Ceara and the parties agreed to resolve Ceara's claims.  (Docket ## 75, 97).  Before the settlement documents could be finalized, Ceara's counsel lost contact with him, prompting a Court conference in September 2023, during which the Court directed counsel to continue its attempts to reestablish contact with Ceara.  (Docket ## 102, 104, 105).  Counsel subsequently informed the Court that it had reestablished communication with Ceara but requested a conference with the Court to discuss issues that had arisen concerning Ceara's execution of the settlement documents.  (Docket # 106).  The Court conducted the requested conference on October 25, 2023, during which Ceara informed the Court that he did not intend to execute the settlement documents.  (Docket # 108).

    Soon thereafter, Ceara's counsel filed a motion to withdraw, which was granted on December 12, 2023.  (Docket # 113).  Following the withdrawal of counsel, on January 26, 2024, defendant filed a motion to enforce the settlement.  (Docket # 115).  This Court issued a motion scheduling order requiring responses to the motion be filed by no later than February 27, 2024.  (Docket # 116).  Ceara did not file any opposition to defendant's motion to enforce the settlement by the deadline set by the Court.  He also failed, without explanation, to comply with this Court's order directing him to appear at a telephonic scheduling conference scheduled for February 27, 2024.  (Docket ## 113, 118).

    On May 23, 2024, the Court issued an order scheduling oral argument on defendant's motion to enforce the settlement for June 25, 2024, at 2:00 p.m.  (Docket # 120).  The order directed the parties to appear in Courtroom 5, United States Courthouse, 100 State Street, Rochester, New York 14614.  (*Id.*).  In addition, the order warned Ceara that his failure to

appear for oral argument could result in the issuance of an Order to Show Cause why this case should not be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  (*Id.*).

On June 25, 2024, the Court conducted oral argument as scheduled.  (Docket # 123).  Counsel for defendant attended the oral argument; Ceara did not appear.  (*Id.*).  At approximately, 2:12 p.m., the Court was notified by its staff that Ceara was on the telephone with the Clerk's Office.  (*Id.*).  The Court arranged for Ceara to be connected telephonically to the courtroom.  (*Id.*).  Ceara explained that he had only recently learned of the scheduled court appearance when he retrieved his mail from his aunt's residence at an address that Ceara's former counsel had provided the Court.  (*Id.*).  In addition, Ceara informed the Court that he wished to continue to litigate this matter.  (*Id.*).  Ceara informed the Court that he was currently participating in a recovery program and that his mail could be sent to him at Central Park Recovery, 2176 Central Park Avenue, Yonkers, NY 10710.  (*Id.*).  Counsel for defendant informed the Court that he wished to withdraw the pending motion to enforce the settlement and proceed through a court-issued Order to Show Cause.  (*Id.*).

On June 27, 2024, this Court issued the pending Order to Show Cause.  (Docket # 124).  The Order to Show Cause directed Ceara to respond by July 16, 2024.  (*Id.*).  Additionally, it directed Ceara to explain "why he should be permitted to continue to prosecute this matter when he has not responded to case filings and court orders, has failed to appear as directed, and has failed to keep the Court apprised of his current address."  (*Id.*).  It warned Ceara, "Failure to comply with this order will result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b)."  (*Id.*).  The Order to Show Cause was mailed to plaintiff at his aunt's residence and at the address Ceara provided during the June 25, 2024 oral argument.  As

of today, neither mailing has been returned as undeliverable. Ceara has not responded to the Order to Show Cause.

## **DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966). In addition, the Local Rules of Civil Procedure for the United States District Court for the Western District of New York provide that "[i]f a civil case has been pending for more than six (6) months and is not in compliance with the directions of the . . . Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute." W.D.N.Y. Local Rule 41(b).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Dismissal is considered "a harsh remedy to be utilized only in extreme situations." *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted). Nevertheless, applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [*pro se* plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (*pro se* plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).

In the case at bar, apart from calling the Court during the scheduled in-person oral argument on June 24, 2024, Ceara has not communicated with the Court since he attended the status conference almost one year ago, on October 25, 2023. (Docket ## 108, 123). He has failed to oppose several motions, appear for scheduled conferences, keep the Court apprised of

5

his current mailing address, or respond to the pending Order to Show Cause. The Order to Show Cause warned Ceara that his failure to respond would result in the dismissal of this action with prejudice. (Docket # 124). Because Ceara has failed to prosecute this action or respond to the pending Order to Show Cause, his case should be dismissed.

## CONCLUSION

For the foregoing reasons, Ceara's claims are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk of the Court is hereby directed to enter judgment in favor of the defendant and close the case.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       August 2, 2024